**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| **MARCEL YONAN,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4280 |
| | ) | |
| | ) | |
| | ) | **Judge Kendall** |
| v. | ) | **Magistrate Judge Cole** |
| | ) | |
| **UNITED STATES SOCCER FEDERATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, who prevailed in this litigation by virtue of a successful motion for summary judgment on June 22, 2011, has filed a Bill of Costs pursuant to Fed.R.Civ.P. 54(d) in the amount of $4,830.43. Judge Kendall has referred that matter here.

Under Fed.R.Civ.P. 54(d)(1), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Those "costs" are delineated in 28 U.S.C. § 1920: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir.2005). "The rule is generally thought a vestige of the English 'loser pays'" rule." *Anderson v. Griffin,* 397 F.3d 515, 522 (7th Cir.2005).

The taxation of costs against the losing party entails two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir.2000). A painstaking judicial inspection of a bill of costs is unnecessary, however, because as Judge Posner has observed, there is a market constraint on running up excessive expenses. When incurring its expenses, the eventual prevailing party cannot be assured of victory and cannot assume that it will be reimbursed when the time comes to submit a bill of costs. Thus, the uncertainty of litigation acts as a governor on spending. *Anderson*,397 F.3d at 522 .

Here, the plaintiff objects to only one portion of the defendant's bill of costs: $1,668.50 for copies of documents provided by third party subpoena respondents AT &T National Compliance Center, AT & T Service, Inc., and JP Morgan Chase. The plaintiff explains that these documents are phone records and bank statements were irrelevant to, and played no role in, Judge Kendall's resolution of the defendant's motion for summary judgment. Indeed, there appear to be no citations to any such records in either the defendant's statement of facts or Judge Kendall's memorandum order. But that is not the end of the required analysis.

"The introduction of [evidence] in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. . . . The proper inquiry is whether the [evidence] was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Systems, Inc*., 135 F.3d 445, 455 (7th Cir. 1998). This case turned on whether the plaintiff was an employee or an independent contractor. It is unclear how phone records would be reasonably necessary to the resolution of that issue or to gathering the evidence that was necessary at the time they were requested, and no explanation is offered by the defendant why these records were reasonably necessary. Possibly, bank records were

– perhaps to show how and by whom the plaintiff was being paid – but that is entirely a matter of speculation, and that is not enough. *Compare See In re Cohen,* 507 F.3d 610, 614 (7th Cir.2007); *Lauth v. McCollum,* 424 F.3d 631, 634 (7th Cir.2005); *United States v. Landry,* 257 F.2d 425, 431 (7th Cir.1958). .

Moreover, the defendant doesn't even properly claim that the phone records and bank statements were reasonably necessary as required by 28 U.S.C. § 1924, which requires that a party submitting a bill of costs must "attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." All the affidavit from the defendant's attorney states is that:

> During the course of [this] litigation, attorneys representing [defendant] have billed [defendant] for legal services rendered and expenses incurred in connection with preparing and presenting [defendant's] defense
>
> \*      \*      \*
>
> [Defendant] incurred costs in the amount of $1,668.50 in this matter for copies of documents provided by third party subpoena respondent AT&T National Compliance Center, JP Morgan Chase, and AT&T Service Inc. . . . .

(*Defendant's Motion for Entry of Bill of Costs*, Ex. 5, ¶¶ 2; 5). Simply *incurring* the cost is not enough. The statute requires that the costs be *necessarily incurred*. Here, there is nothing in the defendant's summary judgment filings, Judge Kendall's memorandum opinion and order, or the defendant's bill of costs that suggests the costs at issue were necessarily incurred.

In addition, the defendant has left the objection the plaintiff raised to its request for costs of phone and bank records unanswered. The defendant's bill of costs was filed on July 22, 2011, and the plaintiff responded on August 4th with an opposition to that filing. As of October 3rd, the

defendant has neither replied to the plaintiff's opposition nor sought the opportunity to reply. That omission is significant, for "[f]ailure to respond to an argument . . . results in waiver." *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). *See also United States v. Vrdolyak,* 593 F.3d 676, 691 (7th Cir.2010); *Midwest Generation EME, LLC v. Continuum Chemical Corp.*, 2010 WL 2517047, 8 (N.D.Ill. 2010)(collecting cases.). Accordingly, the items at issue will be disallowed.

_____
UNITED STATES MAGISTRATE JUDGE

October 7, 2011

## CONCLUSION

For the foregoing reasons, the defendants' Bill of Costs [# 62] is allowed as modified. The defendants are awarded costs in the amount of $3161.93.

**ENTERED:** _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** December 21, 2011